STATE of Missouri, Respondent, v. Delbert ASHBY, Appellant. (No. 20247.) St. Louis Court of Appeals. Missouri. May 1, 1928. Appeal from Circuit Court, Knox County; Jesse A. Cooley, Judge. "Not to be officially published." Lon R. Owen, of Marceline, for appellant. C. M. Smith, of Edina, for the State.

DAUES, P. J. This is a prosecution for wife and child abandonment under section 3274, Revised Statutes Missouri 1919, as re-enacted by the Legislature in Laws of Missouri 1921, p. 281. The defendant was tried before the court and jury, found guilty and his punishment fixed at six months' incarceration in jail. Defendant filed a motion for new trial, but did not file a motion in arrest of judgment, and has appealed.

The case is here on the record, containing a transcript of the proceedings before a justice of the peace, showing the affidavit there filed and the defendant's waiver of a preliminary hearing. As to the proceedings in the circuit court, same contains the information filed by the prosecuting attorney of Knox county charging the offense, and the plea of not guilty on the part of the defendant. The record, then, shows the trial and the verdict, the filing of a motion for new trial which is set out in full, the court's action overruling same, the sentencing of the defendant, and the proper entries showing the appeal. There was no appearance here for either side and no brief has been filed. No bill of exceptions is before us. We have, then, the sole question of the sufficiency of the record. The information not only fully charges the offense described in the statute, but is drawn with care. The record before us presents no error for which the judgment may be reversed. It follows, then, that the judgment must be affirmed. It is so ordered.

BECKER and NIPPER, JJ., concur.

**2**

Pete BEAN v. STATE. (No. 11815.) Court of Criminal Appeals of Texas. April 25, 1928. Appeal from District Court, Collingsworth County; C. C. Small, Judge. Jas. C. Mahan, of Wellington, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years. The indictment appears regular. The record is before us without bills of exceptions or statement of facts. No fundamental error having been perceived or pointed out, the judgment is affirmed.

**3**

Wilbur ELLIS v. STATE. (No. 11490.) Court of Criminal Appeals of Texas. May 2, 1928. Appeal from District Court, Bexar County; C. J. Matthews, Special Judge. Dave Watson, of San Antonio, for appellant. Lamar Seeligson, Dist. Atty., of San Antonio, and A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The conviction is for forgery; punishment fixed at confinement in the penitentiary for a period of two years. Since the affirmance of the case, and within the time allowed for the filing of a motion for rehearing, the appellant has filed a written request, verified by his affidavit, to withdraw the appeal. The judgment of affirmance is therefore set aside, and the appellant's motion to dismiss the appeal is granted.

**4**

Jim KENNEDY v. STATE. (No. 11534.) Court of Criminal Appeals of Texas. April 18, 1928. Commissioners' Decision. Appeal from Lynn County Court; C. H. Cain, Judge. H. L. Grace, of Tahoka, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, theft of a pistol of the value of $5; punishment, fine of $10. No bills of exception appear in the record, except one, which purports to contain all the evidence introduced at the trial and denominated "Bill of Exceptions No. 1." Treating this as a statement of facts, it shows a case of circumstantial evidence sufficient to warrant the conviction of appellant as a principal offender with one Ike Ivey in the theft of the pistol in controversy. No question is presented for review except the sufficiency of the evidence, and the judgment of the trial court is accordingly affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**5**

Clay KING v. STATE. (No. 11790.) Court of Criminal Appeals of Texas. May 2, 1928. Appeal from District Court, Garza County; Gordon B. McGuire, Judge. Lockhart &·Garrard, of Lubbock, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor; punishment being assessed at two years in the penitentiary. No statement of facts is found in the record. The objections filed to the court's charge turn upon the facts, in the absence of which this court is unable to appraise the objections. The exceptions taken in two instances to the argument of the district attorney cannot well be considered, without knowing what evidence was before the jury. As presented in the record, the exceptions do not seem to present such error as calls for reversal. In one instance the court says the argument was invited by a statement of appellant's counsel, and in the other instance the argument regarded as objectionable was withdrawn. The judgment is affirmed.